## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JACK SULLIVAN,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **v.** | **No. 26-2048-KHV-BGS** |
| **CARMEN PACHECO AND SERGIO JIMENEZ,** | |
| **Defendants.** | |

### MEMORANDUM AND ORDER DISMISSING COMPLAINT

Plaintiff Jack Sullivan filed this action *pro se*.[1]  The named Defendants are two individuals. The complaint is one page.  Other than a quotation from 42 U.S.C. § 1983 and a demand for damages in excess of $75,000, the Complaint consists of one paragraph:  "2. Both Defendants delayed the proceedings, in violation of 42 U.S.C. 1983[.]"  (Doc. 1.)

Simply stated, these allegations fail to state a claim upon which relief can be granted.  The Complaint consists of one entirely conclusory allegation about delaying proceedings.  Plaintiff fails to state any facts describing how Defendants allegedly violated his rights under § 1983. Plaintiff does not even describe or identify the "proceedings" that have allegedly been delayed. The Complaint clearly fails to comply with Federal Rule of Civil Procedure 8, which requires a short and plain statement of the claim and the basis for jurisdiction.  Although Rule 8 does not require extensive detail, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1]  Plaintiff proceeds *pro se*.  The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not assume the role of advocate for the *pro se* litigant.  *Hall*, 935 F.2d at 1110.

Further, to survive a motion to dismiss, a complaint must also include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Here, Plaintiff has thoroughly failed to provide such facts. Although the Court must "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]" … the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citations omitted). The Court may dismiss a complaint *sua sponte* that fails to comply with the requisite pleading standards. *Rodriguez v. Nationwide Homes, Inc*., 756 F. App'x 782, 785 (10th Cir. 2018).

The Court also has concerns as to whether subject matter jurisdiction exists. To the extent Plaintiff is asserting a claim under 42 U.S.C. § 1983, he has failed to "make clear exactly who is alleged to have done what to whom." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (internal quotation and citation omitted).

The Court surmises the case may arise out of a judicial matter given Plaintiff's reference to "delayed proceedings." (Doc. 1.) Another court faced with a complaint alleging conspiracy has noted that Defendant Jimenez is a state court judge in New York. *See Williams v. Jimenez*, No. 26-40, Doc. 3 (M.D. La. Jan. 13, 2026). Further research reveals that Defendant Pacheco is also a state court judge in New York. Lawsuits brought against judicial officers as defendants likely raise any number of subject matter jurisdiction issues. *See Bonjorno v. Rush Cnty., Kan*., 2025 WL 2374144, at *2 (D. Kan. 2025) (noting the likelihood of immunity issues in such lawsuits). With Defendants likely located in the state of New York, the Court fails to see how the District of Kansas could have personal jurisdiction over them. Plaintiff has listed his address as Santa

Barbara, California, further complicating how Kansas would be a proper venue for his claims.[2]

Finally, depending on the stage of the proceedings the underlying legal case was in, the Court has additional concerns regarding its ability to adjudicate Plaintiff's claims. In the event a final judgment was entered, his claims would be barred by the *Rooker-Feldman* doctrine. If the proceedings are on-going, then they would be barred by *Younger* abstention.

If a final judgment has been entered in the state court proceeding, then Plaintiff's claims should be dismissed pursuant to the Rooker-Feldman doctrine. A federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

In the alternative, if the state court proceedings are on-going, the Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine. *Younger* abstention is warranted when three conditions are satisfied:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). Once these requirements have been met, "*Younger* abstention dictates that federal courts not interfere." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Either way, the Court has no jurisdiction. All

---

[2]     A Pacer search reveals that Plaintiff has filed similar complaints against these Defendants in approximately 45 federal courts throughout the United States. This strongly suggests an abuse of the legal process by Plaintiff.

things considered, the Court finds that dismissal is appropriate and that leave to amend would be unlikely to cure the deficiencies.

## <u>CONCLUSION</u>

Plaintiff's *pro se* Complaint (Doc. 1) wholly fails to comply with the Federal Rules of Civil Procedure, fails to state a claim upon which relief can be granted, and fails to establish subject-matter or personal jurisdiction.  As such, dismissal without prejudice is warranted.  In addition to the host of substantive issues with this case outlined above, this also supports the Court's *sua sponte* dismissal of Plaintiff's claim.

**THE COURT THEREFORE ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

**THE COURT FURTHER ORDERS** that the pending motion to proceed without payment of fees (Doc. 2) is denied as moot.

**IT IS SO ORDERED**.

Dated this 5th day of February, 2026 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge